IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN BOYD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-39-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Steven Boyd challenging the constitutional legality or validity of his continued incarceration. (ECF 1). For the following reasons, Petitioner's habeas application should be DISMISSED.

I. STATEMENT OF THE CASE

On June 17, 2014, Petitioner pled guilty to the offense of robbery and, upon pleading true to two enhancements, received a sentence of 30 years' imprisonment in accordance with his agreement with prosecutors. (ECF 19 at 3; ECF 19-1 at 15). Petitioner sought immediate review as to a trial court suppression hearing in the Seventh Court of Appeals of Texas, which was dismissed on August 1, 2014. (ECF 16-1). Petitioner's motion for rehearing before the same court was likewise denied on August 22, 2014. (ECF 16-2). The intermediate appellate court in both instances reasoned that Petitioner had forfeited his right to appeal the suppression hearing decision by signed waiver. (*Id.* at 2). Petitioner did not appeal these decisions to the Texas Court of Criminal Appeals. (ECF 19 at 3).

Following a denial of his first state habeas application on November 13, 2015, Petitioner filed a federal petition for habeas corpus on May 2, 2016. Case No. 2:16-CV-88-J-BB (N.D. Tex. 2016). This Court dismissed the petition on May 5, 2017 as time barred. (*Id.* at ECF 26). The Fifth Circuit denied a certificate of appealability on April 8, 2018. (ECF 19 at 4). Petitioner sought a second state writ of habeas corpus on October 16, 2020, which was denied without comment by the Texas Court of Criminal Appeals on December 23, 2020. (*Id.*). Petitioner brought the instant Petition on January 26, 2021. (ECF 1).

## II. PETITIONER'S ALLEGATIONS

In his Petition and accompanying memorandum of law, Petitioner presents no fewer than thirteen grounds for relief, none of which are cognizable under 28 U.S.C. § 2254. (ECF 1; ECF 2). However, upon liberally construing Petitioner's filings, *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), the undersigned understands him to be asserting claims of ineffective assistance of counsel and actual innocence based upon newly discovered evidence, both of which appear to center on the question of Petitioner's marital status as it relates to a romantic partner of his involved in a search of a residence that yielded consequential evidence against him. (ECF 2 at 9).

## III. SUCCESSIVENESS

Because this is the second federal habeas petition filed by Petitioner, it is appropriate to begin with an analysis on the successiveness of the Petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a prisoner may file a second or successive petition to those where there is new evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2244(b). A petition is second or successive when it raises a claim that was or could have been raised in an earlier petition. *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citations omitted). However, a petitioner may bring a second or successive petition with permission from an appellate court. *Williams v. Thaler*,

602 F.3d 291 (5th Cir. 2010) (abrogated on other grounds by *Banister v. Davis*, 140 S.Ct. 1698 (2020)).

Petitioner's claims are successive, and he has not received permission from the Fifth Circuit to proceed. The first claim, that of ineffective assistance of counsel relating to his marital status, was explicitly raised in his first federal habeas action. Case No. 2:16-CV-88-J-BB, (ECF 3 at 7) (N.D. Tex. 2016). His claim relating to solicitation of false testimony by prosecutors was also explicitly raised. Case No. 2:16-CV-88-J-BB, (ECF 3 at 12), (N.D. Tex. 2016). As to this second claim, though, Petitioner alleges he is in possession of new evidence that would defeat this bar: a divorce decree. (ECF 2 at 5). Petitioner presents this divorce decree as proof that "the State's key witness" and his romantic partner, Lametra Moore-Boyd, lied in her testimony when she denied being married to Petitioner. (*Id.*). Petitioner further avers that this evidence was not available until November 18, 2019 and was not obtained by him until December 2, 2019. (*Id.*). The undersigned is not persuaded that this divorce decree, which does not appear in the record, constitutes new evidence. The decree does not prove the existence to any greater degree than any other evidence that would exist to document a marriage, ceremonial or common law, that would be within the reach of Petitioner before. For that reason, had Petitioner not explicitly complained of the issues relating to Moore-Boyd before, he could have; thus, the Petition is successive.

Because Petitioner brings these claims without permission from the Fifth Circuit, they are jurisdictionally deficient and must be dismissed.

## IV. TIME BAR

As previously discussed, this Court previously dismissed a habeas action brought by Petitioner as time barred. Case No. 2:16-CV-88-J-BB, (ECF 26), (N.D. Tex. 2016). There is no evidence or argument in the record that would alter or amend this finding. Therefore, in the alternative, the undersigned recommends Petitioner's claim be dismissed as time barred.

## V. PROCEDURAL BAR

Federal courts are not empowered to review a claim if the last state court to do so expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Only in cases where the petitioner makes a showing of cause for the default and actual prejudice that is attributable to the default, or a showing of actual prejudice, may a federal court review a habeas petition notwithstanding a state procedural bar. *Id.* at 750.

When Petitioner presented his claims to the Texas Court of Criminal Appeals, they were dismissed as subsequent. (ECF 16-18). With Petitioner making no showing required by *Coleman*, the state procedural bar remains in place as to this case and presents an alternate basis for dismissal.

## VI. ACTUAL INNOCENCE

Actual innocence provides a gateway through which prisoners must pass to revive otherwise barred claims considered on the merits. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citations omitted). To meet his burden, Petitioner must prove actual innocence by clear and convincing evidence. *Id.* Put another way, a court must be persuaded that, in light of the new evidence, no juror, acting reasonably, would have voted to convict. *Id*. at 329.

A thorough review of the filings by Petitioner and his arguments therein reveals a single piece of new evidence: the aforementioned divorce decree. However, Petitioner does not provide the divorce decree or any other supporting documentation. Without any such evidence, it is impossible to determine whether the decree is in fact new evidence or whether it was previously available.[1] Since it is his burden to bear, Petitioner's failure to provide evidentiary support

---

[1] The undersigned pauses here to note that, while evidence on the previous availability of the decree is not available here, the Texas Court of Criminal Appeals previously found, by rejecting Petitioner's claims, that the evidence was available before. (ECF 19 at 10–11).

necessarily means his claim must fail. *Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir. 1982) ("The petitioner in a habeas corpus proceeding bears the burden of proof on his right to relief.").

## VII. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner STEVEN BOYD be DISMISSED.[2]

## VIII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 30, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS*

---

[2] The undersigned concludes the Petition is successive. In the alternative, it is also time and procedurally barred. Petitioner has not met his burden to evade these by a showing of actual innocence through new evidence.

Page 5

*Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).